UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DAVID A. RUCH and<br>KIMBERLY A. RUCH<br>   Debtors | : | CHAPTER 1 |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>   Movant | : | |
| vs. | : | |
| DAVID A. RUCH and<br>KIMBERLY A. RUCH<br>   Respondents | : | CASE NO.  4-22-bk-02252 |

TRUSTEE'S AMENDED OBJECTION TO CHAPTER 13 PLAN

AND NOW, this   9th   day of January, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtors' plan for the following reason(s):

1. Debtors' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtors have not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtors' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Plan payment calculation sum of Lines 34, 35, 36 45.
   b. Transportation ownership expense – Line 13 – Ownership expense for vehicles(s) without lien not permitted.
   c. Involuntary deductions – Line 17.

2. Failure to properly state the liquidation value in Section 1B of the plan. Should be at least $33,329.75.

3. Debtors' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.   More specifically, the debtor has excess non-exempt equity in the following:

   a. Residential real estate.   The Trustee has requested proof of the value of the debtors' home as stated in their schedules **– CMA needed.**

4. Schedule C lacks description.

5. The Trustee avers that debtors' plan is not feasible based upon the following:

   a. Insufficient Monthly Net Income as indicated on Schedules I and J.

6. The Trustee provides notice to the Court as to the ineffectiveness of debtors' Chapter 13 Plan for the following reasons:

   a. Clarification of vesting of property. Because non-exempt equity exists, the plan should provide for vesting at closing. Accordingly, the plan violates § 1325(a)(4).

WHEREFORE, Trustee alleges and avers that debtors' plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:  /s/Douglas R. Roeder
     Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 11th day of January, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Scott Williams, Esquire
57 E. Fourth Street
P.O. Box 3
Williamsport, PA  17703

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee